IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT MADDUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-816-M |
| | ) | |
| SANDRIDGE ENERGY, INC.; | ) | |
| LARIAT SERVICES, INC.; | ) | |
| and JOHN DOE d/b/a BILL'S WATERING | ) | |
| HOLE, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SANDRIDGE ENERGY, INC. and | ) | |
| LARIAT SERVICES, INC., | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PERRY TOON d/b/a 3T TRUCKING, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## ORDER

This case is scheduled for trial on the Court's November 2018 trial docket.

Before the Court is defendants/third-party plaintiffs Sandridge Energy, Inc. ("Sandridge") and Lariat Services, Inc.'s ("Lariat") Motion for Summary Judgment, filed May 31, 2018. On July 2, 2018, third-party defendant Perry Toon, d/b/a 3T Trucking ("Toon") filed his response, and on July 12, 2018, Sandridge and Lariat filed their reply. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff Robert Maddux alleges he was injured in an accident on August 31, 2014 at Bill's Watering Hole. Jessie Tune, who was driving for Lariat[1], was backing his truck toward a salt water disposal well and allegedly bumped a telephone pole bump stop, which rolled on plaintiff's leg. Plaintiff was at the well site on a job working for Toon.

At the time of the accident, Sandridge and Toon had entered into a Master Services Agreement. The Master Services Agreement contains indemnification provisions. Sandridge and Lariat allege that the Master Services Agreement governs the accident at issue and entitles them to indemnification from Toon. Sandridge and Lariat now move this Court for summary judgment in their favor on their indemnity claim.

II.  Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require

---

[1] Lariat is a wholly owned subsidiary of Sandridge.

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

Further,

> if the moving party has the burden of proof, a more stringent summary judgment standard applies. Thus, if the moving party bears the burden of proof, to obtain summary judgment, it cannot force the nonmoving party to come forward with specific facts showing there [is] a genuine issue for trial merely by pointing to parts of the record that it believes illustrate the absence of a genuine issue of material fact. Instead, the moving party must establish, as a matter of law, all essential elements of the issue before the nonmoving party can be obligated to bring forward any specific facts alleged to rebut the movant's case.

*Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (internal quotations and citations omitted). Additionally, where the moving party has the burden of proof, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Leone v. Owsley*, 810 F.3d 1149, 1153 (10th Cir. 2015) (internal quotations and citations omitted).

III. Discussion

The indemnity provisions in the Master Services Agreement at issue in this case seek to require one party (in this case Toon) to indemnify a second party (in this case Sandridge/Lariat) for the second party's (Sandridge's/Lariat's) own alleged negligence or liability. Under Oklahoma law, "[a]greements to indemnify a party against its own negligence or liability are strictly construed." *Noble Steel, Inc. v. Williams Bros. Concrete Constr. Co.*, 49 P.3d 766, 770 (Okla. Civ. App. 2002) (internal citation omitted).

> To be enforceable, the agreement must meet the following three conditions: (1) the parties must express their intent to exculpate in unequivocally clear language; (2) the agreement must result from an arm's length transaction between parties of equal bargaining power; and (3) the exculpation must not violate public policy.

*Id.* (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, the Court finds that Sandridge and Lariat have not met their burden of proving that the three conditions required for an enforceable indemnity provision have been met. Specifically, the Court finds that Sandridge and Lariat have not proven that the Master Services Agreement resulted from an arm's length transaction between parties of equal bargaining power. In fact, Sandridge and Lariat have submitted no evidence regarding whether Sandridge/Lariat and Toon each have equal bargaining power and have submitted no evidence regarding whether the Master Services Agreement resulted from an arm's length transaction. Further, the only evidence submitted regarding this issue is the affidavit of Perry Toon, submitted by Toon in response to the motion for summary judgment, and that affidavit does not support a finding that the Master Services Agreement resulted from an arm's length transaction between parties of equal bargaining power.

Accordingly, the Court finds that Sandridge and Lariat are not entitled to summary judgment.

IV. Conclusion

For the reasons set forth above, the Court DENIES defendants/third-party plaintiffs Sandridge and Lariat's Motion for Summary Judgment [docket no. 53].

**IT IS SO ORDERED this 28th day of August, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE